Argued September 8, affirmed October 18, 1961

## COOS BAY TIMBER CO. *v.* BIGELOW ET AL

365 P. 2d 619

*Norman J. Wiener,* Portland, argued the cause for respondent. With him on the brief were Jean P. Lowman and King, Miller, Anderson, Nash and Yerke, Portland.

*A. L. Lewelling,* Salem, argued the cause for the appellants. With him on the briefs was C. Parker Gies, Salem.

Before Rossman, J., presiding, and Perry, Sloan, O'Connell and Goodwin, Justices.

SLOAN, J.

Plaintiff obtained a decree enjoining defendants from interfering with plaintiff's use of a logging road across mining claims owned by defendants. Defendants appeal. A statement of the status of the parties will help explain the issues.

In 1948 defendant Knox established a mining claim in Curry county designated Thirteen Steps. In 1952 he established another claim nearby which he designated Hardscrabble. Both claims were on United States timber lands. Thereafter, he performed the necessary annual assessment work to retain his right to the claims. In October 1959, Knox conveyed his interest in Hardscrabble to defendant Strong. In November 1959, he conveyed his interest in Thirteen Steps to defendant Bigelow.

In June 1959, plaintiff purchased from the United States certain timber within the area of these mining claims. The contract for the purchase of the timber

between plaintiff and the United States required plaintiff to build a timber access road across the land covered by the mining claims. This road had been surveyed and partially constructed when defendants Strong and Bigelow bought the claim from Knox.

After Strong and Bigelow acquired title to the mining claims they attempted to prevent work on or use of the logging road being constructed by plaintiff. Various altercations and stoppages occurred between defendants and plaintiff's employees. This suit was finally filed to obtain declaratory relief and an injunction.

■■ It is axiomatic in mining law that the owner of a mining claim on the public domain acquires no right to the surface of the land until he makes a discovery. 30 USCA (1958 Ed) § 23, *Cole v. Ralph,* 1919, 252 US 286, 40 S Ct 321, 64 L Ed 567. The basic rule is that until the claim owner makes a discovery he has no more than a right to continue exploration. Discovery gives the claim owner an exclusive right to possession and discovery can prevent an adverse entry on the claim, even by the government. And discovery gives to the claim owner the right to so much of the surface of the claim as may be necessary to him to exploit his discovery. *Cole v. Ralph,* supra, *United States v. Deasy,* (DC2d, 1928), 24 F2d 108. Consequently it is vital in this case to determine if there had been a discovery on defendants' mining claims at or prior to the date of plaintiff's contract with the United States.

■ The now uniformly accepted definition of discovery is taken from *Chrisman v. Miller,* 1904, 197 US 313, 25 S Ct 468, 49 L Ed 770. In that case, Justice Brewer formulated from prior decisions of

the Supreme Court and from other decisions and texts this definition:

"The mere indication or presence of gold or silver is not sufficient to establish the existence of a lode. The mineral must exist in such quantities as to justify expenditure of money for the development of the mine and the extraction of the mineral.

"Where minerals have been found and the evidence is of such a character that a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine, the requirements of the statute have been met.

"The facts which are within the observation of the discoverer, and which induce him to locate, should be such as would justify a man of ordinary prudence, not necessarily a skilled miner, in the expenditure of his time and money in the development of the property."

(This is not a direct quote from Justice Brewer's opinion. It is given as it was condensed and stated in *Cole v. Ralph,* supra, 252 US 299).

1 American Mining Law, 1948, Chapter XXIX, p 346 et seq., *United States v. Houston,* 1929, 66 L D 161. And see a well documented opinion by Justice Crockett of the Supreme Court of Utah, *Rummell v. Bailey,* 1958, 7 Utah 2d 137, 320 P2d 653.

■ In this case, then, we are confronted by a question of fact: Did defendants make any discovery as above defined, on either claim prior to the contract between plaintiff and the United States? The evidence is convincing that there was no discovery prior to that date. There is no occasion to review that evidence. It is only necessary to say that the evi-

dence is almost identical to that mentioned in a headnote in the case of *Rough Rider,* 1911, 41 L D 242:

"Lode Mining Claim—Discovery.

"The exposure of substantially valueless deposits on the surface of a lode mining claim, in themselves insusceptible of practical development, but which taken in connection with other established geological and mineralogical conditions in the district lead to the hope or belief that a valuable mineral deposit exists within the claim, does not constitute the discovery of a vein or lode within the meaning of the law nor afford a valid basis for a lode location."

When that conclusion is reached, it follows that defendants had no right to prevent the United States or its privy from coming upon the land for a legitimate purpose. 1 Lindley on Mines, 1914 3Ed, § 216, p 474; *Sparks v. Pierce,* 1885, 115 US 408, 6 S Ct 102, 29 L Ed 428; *Wilson v. Triumph Co.,* 1899, 19 Utah 66, 56 p 300. Other issues need not be mentioned.

Decree affirmed.